IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Richardson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-12824-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Sanchez, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Robert Richardson, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 9). The magistrate judge[1] issued an order, informing Plaintiff his case is subject to summary dismissal for failure to state a claim upon which relief may be granted and granting Plaintiff twenty-one days to file an amended complaint correcting the noted deficiencies. (ECF No. 22). Plaintiff filed an amended complaint, (ECF No. 24), and another motion to proceed *in forma pauperis*, (ECF No. 26). Now before the court is the magistrate judge's Order and Report and Recommendation ("Report") terminating as moot the second motion to proceed *in forma pauperis* and recommending this action be summarily dismissed without prejudice and without issuance and service of process. (ECF No. 31).  The magistrate judge informed Plaintiff of his right to file objections to the Report, *id*. at 8, and the Clerk of Court mailed the Report to Plaintiff's last known address, (ECF No. 33). The Report has not been returned to the court as undeliverable; therefore, Plaintiff is presumed to have received

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

1

it. Nevertheless, Plaintiff failed to file objections to the Report and the deadline for doing so has passed.[2]

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x

---

[2] Plaintiff did file two motions, which have each been docketed as a "motion to amend/correct Amended Complaint." In these one-page-filings, Plaintiff restates fourth and fourteenth amendment claims in a vague and conclusory manner. (ECF Nos. 35, 38). Plaintiff does not address the magistrate judge's findings in the Report. In fact, he does not mention the Report at all. Nevertheless, to the extent these filings can liberally be construed as objections, the court has reviewed them out of an abundance of caution and finds the conclusory allegations set forth therein, which are even more vague than those set forth in the amended complaint, fail to direct the court to a specific error in the magistrate judge's findings and recommendations and do not warrant a deviation from the magistrate judge's finding that Plaintiff failed to state a claim upon which relief can be granted and her recommendation that this case be summarily dismissed.

To the extent these filings can be construed as motions to file a second amended complaint, the court is mindful of Rule 15 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a court should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Plaintiff has failed to explain in his motions why justice requires that he be allowed to file the proposed second amended complaints, and, upon review of the motions and the brief, vague, and conclusory allegations set forth therein, the court is unable to say that the interest of justice requires that the proposed amended complaints be filed as, for example, the outcome of this case would not change and, therefore, Plaintiff will not be prejudiced by the refusal to file the amended complaints. Additionally, a court may deny leave to amend when the proposed amended pleading fails to satisfy the requirements of the federal rules and the proposed amendment is clearly insufficient or frivolous on its face. Rule 15(a), Fed. R. Civ. P; *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (providing "a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules") (internal quotation marks omitted); *Allegis Grp., Inc. v. Bero*, 689 F. Supp.3d 81, 101 (D. Md. 2023). Accordingly, his motions to amend his complaint, (ECF Nos. 35, 38), are **DENIED**.

327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Accordingly, the court **ADOPTS** the recommendation in the Report (ECF No. 31), and this case is hereby **DISMISSED** without prejudice and without issuance and service of process. Plaintiff's motions to amend his complaint are **DENIED**. (ECF Nos. 35, 38). Further, given the court's findings herein, the court **DISMISSES AS MOOT** Plaintiff's motion to compel discovery. (ECF No. 34).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
May 12, 2026

<strong>NOTICE OF RIGHT TO APPEAL</strong>

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.